# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:04-CR-170 CAS |
| CARL H. WILSON, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Carl H. Wilson's motion for judgment of acquittal or in the alternative motion for a new trial on Count I of the indictment. The government filed a memorandum in opposition to plaintiff's motion. For the following reasons, defendant's motion will be denied.

## I. Background

On March 29, 2005, defendant Carl Wilson was convicted of Aiding and Abetting the Distribution of a Substance Containing Cocaine Base of five grams or more and Possession of a Substance Containing Cocaine Base. Wilson was acquitted of the charge Possession of a Substance Containing Cocaine Base, with the Intent to Distribute. Wilson's co-defendant Freddie M. Wren was convicted of Aiding and Abetting the Distribution of a Substance Containing Cocaine Base of five grams or more, Possession of a Substance Containing Cocaine Base with the Intent to Distribute, and Distribution of a Substance Containing Cocaine Base of five grams or more.

Wilson filed this motion for judgment of acquittal asserting a reasonable jury would not have determined that the elements of the crime were proved beyond a reasonable doubt. Alternatively, in his motion for a new trial Wilson contends that the evidence presented at trial was insufficient to

support the jury's verdict as to Count I of the indictment and the jury's verdict was contrary to the weight of the evidence.

**II.  Motion for Judgment of Acquittal**

A judgment of acquittal should only be granted if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. United States v. Huerta-Orozco, 272 F.3d 561, 565, n.10 (8th Cir. 2001).  "A motion for judgment of acquittal should be denied where the evidence, viewed in the light most favorable to the government, is such that a reasonable jury could have found each of the essential elements of the crime beyond a reasonable doubt."  United States v. Moyer, 182 F.3d 1018, 1021 (8th Cir. 1999).

Wilson argues that the several factors cast doubt on whether (1) he was present at 421 South Pacific on August 13, 2002, (2) he knew a distribution of crack cocaine took place, and (3) he acted in a way to aid and abet the distribution of cocaine base.  First, Wilson asserts that Officer Lockett's identification of Wilson as being present at the house and involved in the transaction is not credible because there is no evidence that Lockett made an out of court identification of Wilson after the date in question and before trial.  Second, Wilson claims that Officer Lockett's testimony is different from the audio recording of the drug transaction.  Third, Wilson testified that he did not remember specifically where he was on August 13, 2002, but even if he were present, there are other innocent reasons for transferring money between Wren and informant Lisa Criddle.  Fourth, Wilson asserts that voice on the audio tape attributed to Wilson cannot be discerned with any clarity.

Wilson's arguments go to the credibility of Officer Lockett and Criddle.  "In ruling upon a motion for judgment of acquittal, the district court is not to weigh the evidence or assess the credibility of witnesses."  United States v. Baker, 367 F.3d 790, 797 (8th Cir. 2004).  "The evidence need not exclude every reasonable hypothesis except guilt; the essential elements of the crime may

2

be proven by circumstantial as well as direct evidence." Id. "Questions of credibility are the province of the jury." United States v. Chavez, 230 F.3d 1089, 1091 (8th Cir. 2000). The Court finds that the evidence, viewed in the light most favorable to the government, is such that a reasonable jury could have found each of the essential elements of the crime beyond a reasonable doubt. Therefore, defendant's motion for a judgment of acquittal will be denied.

### III. Alternative Motion for a New Trial

Alternatively, Wilson asserts that he should be granted a new trial because the evidence presented at trial was insufficient to sustain a conviction for the Aiding and Abetting charge in Count I and the jury's verdict was against the weight of the evidence.

"The granting of a new trial under Rule 33 is a remedy to be used only 'sparingly and with caution.'" United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002) (quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)). The Court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. "Where a defendant moves for a new trial on the grounds that the verdict is contrary to the weight of the evidence, the district court should grant the motion if . . . the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred. . . ." Huerta-Orozco, 272 F.3d at 565(citations and internal punctuation omitted).

"The decision to grant a Rule 33 motion is within the sound discretion of the District Court . . . ." Campos, 306 F.3d at 579–80. The district court's discretion is broad because the district court is "to weigh the evidence and evaluate for itself the credibility of witnesses." United States v. Hilliard, 392 F.3d 981, 987 (8th Cir. 2004). "This discretion is abused, however, if the District Court fails to consider a factor that should have been given significant weight, considers and gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in

considering and weighing only proper factors." United States v. Dodd, 391 F.3d 930, 934 (8th Cir. 2004) (citations omitted).

Upon reviewing the evidence and testimony in this case, the Court finds that Wilson's motion for a new trial should be denied. The Court believes that the evidence and witnesses presented do not show that the verdict is contrary to the weight of the evidence or that a miscarriage of justice occurred.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Carl Wilson's motion for a judgment of acquittal is **DENIED**. [Doc. 113]

**IT IS FURTHER ORDERED** that defendant Carl Wilson's alternative motion for a new trial is **DENIED**. [Doc. 113]

	**CHARLES A. SHAW**
	**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of May, 2005.